UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND; THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION; and
THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

      Petitioners,

   -against-

MINELLI CONSTRUCTION CO., INC.,

      Respondent.

**ORDER**

19 Civ. 2062 (PGG)

―――――――――――――――――――――――――――

PAUL G. GARDEPHE, U.S.D.J.:

    Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation (together, the "Funds"), and the New York City District Council of Carpenters (the "Union") (collectively with the Funds, "Petitioners"), seek to confirm an arbitration award that they obtained against Respondent Minelli Construction Co., Inc., pursuant to a collective bargaining agreement and Section 301 of the Labor Management Relations Act (the "LMRA"), as amended, 29 U.S.C. § 185. Although a petition to confirm the arbitration award (the "Petition") was served on Respondent (Dkt. No. 8),

it has neither opposed the Petition nor otherwise appeared in this action.  For the reasons stated below, the arbitration award will be confirmed.

## BACKGROUND

The Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds are trustees of multiemployer labor-management trust funds.  (Pet. (Dkt. No. 1) ¶ 4)  The Trustees of the New York City District Council of Carpenters Relief and Charity Fund are trustees of a charitable organization.  (Id. ¶ 5)  Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a not-for-profit corporation.  (Id. ¶ 6)  Petitioner New York City District Council of Carpenters is a labor organization certified as the bargaining representative for certain employees of the Respondent.  (Id. ¶ 7)  Respondent Minelli Construction is a private company that was at all relevant times an employer under the LMRA.  (Id. ¶ 8)

Respondent executed an Independent Building Construction Agreement (the "CBA") with the Union on or about May 9, 1997.  (Id. ¶ 9; Exs. A, B)  On or about October 2012, respondent also executed an Interim Compliance Agreement (the "CBA Extension"), which extended the terms of the CBA to the present.  (Id. ¶ 10, Ex. C)  The CBA requires Respondent to contribute to the Funds for every hour worked by its employees.  (CBA (Dkt. No. 1-1) Article XV § 1)  The CBA also requires Respondent to furnish its books and records when requested by the Funds in order to conduct an audit to ensure compliance with the contribution provisions of the CBA.  (Id. § 2)  An audit of the period between June 22, 2015 and December 25, 2016 revealed that Respondent had not remitted required contributions to the Funds.  (Pet. (Dkt. No. 1) ¶ 18)

The CBA provides that

> all disputes between [the parties], both within and outside of the Agreement, shall be submitted to arbitration and that no defense to prevent the holding of the arbitration shall be permitted. . . . Upon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefrom, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees.

(CBA (Dkt. No. 1-1) Article XII §§ 3-4)  Per the CBA and the Collection Policy,[1] should the Funds be required to arbitrate a dispute or file a lawsuit concerning unpaid contributions, the Funds are entitled to collect

> (1) the unpaid contributions; plus (2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus (3) an amount equal to the greater of (a) the amount of the interest charges on the unpaid contributions . . . or (b) liquidated damages of 20% of the unpaid contributions; plus (4) reasonable attorneys' fees and costs of the action.

(Id., Article XV § 13; see also Collection Policy (Dkt. No. 1-4), § V)

On September 1, 2018, Petitioners served Respondent with a notice of arbitration. (Notice of Hearing (Dkt. No. 1-5))  The arbitration hearing was conducted on December 10, 2018, and the arbitrator rendered an award in favor of Petitioners on December 21, 2018.  (Op. & Award of Arb. (Dkt. No. 1-6) at 1)  Petitioners provided "uncontroverted testimony and evidence" demonstrating that (1) Respondent is obligated under the CBA to make certain payments to the Funds; (2) the CBA authorizes Petitioners to audit Respondents' books to verify that required contributions have been made; and (3) Petitioners' audit revealed that Respondent had not made required contributions for the period between June 22, 2015 and December 25, 2016.  (Id. at 1-2)  Accordingly, the arbitrator awarded Petitioners $22,036.64, which reflects (1) the principal deficiency disclosed by the audit of $840.14; (2) $70.54 in interest; (3) $157.28

---

[1] The CBA binds Respondent to the policies, rules, and regulations adopted by the Funds (CBA (Dkt. No. 1-1) Article XV, § 10), including the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). ¶

in liquidated damages; (4) $17,867.60 in late payment interest; (5) $400 in court costs; (6) $1,500 in attorneys' fees; (7) $500 in arbitrator's fees; and (6) $2,380 in audit costs (the "Award"). (Id. at 3) The Award further provides that interest will accrue at a rate of 7% from December 21, 2018, the date the Award was issued. (Id.)

On March 6, 2019, Petitioners filed the Petition, which seeks confirmation of the Award, attorneys' fees and costs arising out of this action, and post-judgment interest. (Pet. (Dkt. No. 1)) Respondent has not appeared in this action, nor has it filed any opposition to the Petition.

## DISCUSSION

### I.  APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference." Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (citation

omitted). Even unopposed petitions to confirm arbitration awards must "'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" Id. at 110 (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks omitted))).

## II.   ANALYSIS

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes granting the petition to confirm the arbitration award. Before issuing the Award, the arbitrator considered the evidence offered at the hearing, which included testimony from the auditor who had reviewed Respondent's books and records. (See Op. & Award of Arb. (Dkt. No. 1-6) at 1-2) Moreover, Respondent appeared at the hearing and "did not dispute the audit findings." Instead, Respondent's principal explained that "he is a small contractor and had not been paid by the general contractor for work he had performed," and therefore "he does not have the money to pay the Funds['] claims." (Id.) The arbitrator determined that, "[u]pon the substantial and credible evidence of the case as a whole," Respondent was "delinquent" in monies due under the CBA and was "obligated to pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator, Court Costs, Audit Cost, and Promotional Fee all in accordance with the terms and provisions of the Collective Bargaining Agreement." (Id. at 2-3) As discussed above, the Award amounts to $22,036.64, with interest to accrue at 7% from December 21, 2018, when the Award was issued. (Id. at 3)

The Award is within the powers granted to the arbitrator in the parties' CBA, which states that – absent a negotiated resolution – "[a]ll complaints, disputes, and differences

concerning the application, interpretation, effect, purpose or breach of any term or condition of this Agreement . . . shall be submitted to arbitration." The CBA further provides that the arbitrator has the power to "render a decision based on the testimony before him" that will be "final and binding. . . ." (CBA (Dkt. No. 1-1) Article XII, §§ 1-2)  As discussed above, the CBA provides that "[i]t is the intent of the parties hereto that all disputes between them, both within and outside of the Agreement, shall be submitted to arbitration. . . ."  (Id. § 3)

"Courts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations . . . that the decision rests on factual errors or misinterprets the parties' agreements." N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (internal quotation marks omitted)).  Here, of course, Respondent does not contend that the arbitrator's decision is founded on factual errors or a misinterpretation of the CBA.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Adm'rs, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no evidence that the arbitration decision was made unlawfully, arbitrarily, or in excess of the arbitrator's powers.  Accordingly, the petition to confirm the arbitration award will be granted.

### III.    AWARD OF COSTS AND ATTORNEYS' FEES

Petitioners seek an award of costs and attorneys' fees expended in connection with this action. "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5 (S.D.N.Y. May 12, 2008) (collecting cases). Under the CBA, Petitioners are entitled to reasonable attorneys' fees and costs in a court action to collect delinquent contributions. (CBA (Dkt. No. 1-1) Article XV, § 13) The CBA also obligates Respondent to abide by all terms and conditions of agreements creating the Funds, including the Funds' Collection Policy, which requires that awards of attorneys' fees be assessed at the same rate that the Funds paid in seeking to collect delinquent contributions. (Collection Policy (Dkt. No. 1-4) § V(6))

Here, Petitioners seek $75 in costs and $1,017.50 in attorneys' fees, representing 3.7 hours billed at $275 an hour. (Pet., Ex. G (Dkt. No. 1-7)) Petitioners' requested fees and costs are reasonable, as they reflect the rates Petitioners paid their counsel (Pet. (Dkt. No. 1) ¶ 31), and are consistent with rates granted in connection with past awards. See, e.g., Trs. of N. Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC, No. 20-CV-2196 (JGK), 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020) (awarding fees at an hourly rate of $350 for Virginia & Ambinder, LLP partner and $120 per hour for paralegals); Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp., No. 19-CV-5411 (ALC), 2020 WL 614740, at *3 (S.D.N.Y. Feb. 10, 2020) (awarding $275 per hour for Virginia & Ambinder

7

associates). Accordingly, Petitioners' application for an award of costs and attorneys' fees will be granted.

## IV.     POST-JUDGMENT INTEREST

Petitioners' request for post-judgment interest at the statutory rate (Pet. (Dkt. No. 1)) is also granted.  "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court."  Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp., No. 19-CV-01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)).  "[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'"  Id. (quoting 28 U.S.C. § 1961(a)).

## CONCLUSION

For the reasons stated above, the Petition to confirm the arbitration award (Dkt. No. 1) is granted.  The Clerk of Court is directed to enter judgment, confirming the arbitration award in the amount of $22,036.64, with interest accruing at 7% as of December 21, 2018, until the entry of judgment.  The judgment will also include $1,017.50 in attorneys' fees and $75 in costs.  Post-judgment interest on the entire amount will accrue from the date that judgment is entered, at the rate provided by 28 U.S.C. § 1961(a).  The Clerk of Court is further directed to close this case.

Dated: New York, New York
       August 9, 2021

SO ORDERED.

_Paul S. Gardephe_
Paul G. Gardephe
United States District Judge